ORIGINAL

FILED
U.S. DISTRICT OF WYOMING
CHEYENNE

2002 JUN 11 17

CLERK
U.S. DISTRICT COURT

Peter W. Rietz
Christopher Yvarrs
Carrie Rolle
THE RIETZ LAW FIRM, L.L.C.
P.O. Box 5268
Dillon, CO 80435
Attorneys for Defendants
VAIL RESORTS DEVELOPMENT
INCORPORATED, A Wyoming Corporation et al.

Paul Kapp
John A. Sundahl
Sundahl, Powers, Kapp & Martin
1725 Carey Avenue
P.O. Box 328
Cheyenne, Wyoming 82003
Attorneys for Defendant
MECH CO Incorporated

## UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

| | |
|---|---|
| JOETTE H. WILLIAMS,<br><br>                              Plaintiff,<br><br>vs.<br><br>VAIL RESORTS DEVELOPMENT COMPANY, a Colorado corporation, GRAND TETON LODGE COMPANY, a Wyoming corporation, TETON HOSPITALITY SERVICES, INC., (successor in interest to Teton Hospitality, LLC) a Wyoming corporation, JHL&S, LLC, a Wyoming corporation, MECH CO INCORPORATED, a Wyoming corporation and UNION POINTE CONSTRUCTION CORPORATION, a Utah corporation d/b/a UNION POINTE GENERAL CONTRACTORS,<br><br>                            Defendants.<br>     and<br>JHL&S, LLC, a Wyoming limited liability company,<br><br>                 Cross-Claim Plaintiff,<br>vs.<br>MECH CO Incorporated, a Wyoming corporation and Union Pointe Construction Corporation, a Utah corporation, | Civil Action No.<br>02CV016J - 170 |

```
                                              )
                            Cross-Claim Defendants,  )
         and                                  )
JHL&S, LLC, a Wyoming limited liability company,   )
                                              )
                            Third-Party Plaintiff,  )
vs.                                           )
Nelson Engineering, a Wyoming corporation; Laars, Inc. d/b/a  )
Laars Heating Systems and Teledyne Laars, a Delaware  )
corporation; Modern Lighting & Electric, Inc., a Wyoming  )
corporation; Blueline Supply, Inc., a Wyoming corporation, and  )
Mike's Heating and Sheet Metal, a Wyoming corporation.  )
                                              )
                            Third-Party Defendants.  )
```

## AND

## UNITED STATES DISTRICT COURT

## DISTRICT OF WYOMING

```
JOETTE H. WILLIAMS and DAVID D. WILLIAMS, co-  )
personal representatives of the Estate of David Randall  )
Williams, M.D., deceased, on behalf of and for the benefit of  )
JOETTE H. WILLIAMS, DAVID D. WILLIAMS, LAURA K.  )
WILLIAMS, IRA D. WILLIAMS, AND RUTH J. WILLIAMS,  )
                                              )
                            Plaintiff,   )
vs.                                           )   Civil Action No.
                                              )   02CV017J
VAIL RESORTS DEVELOPMENT COMPANY, a Colorado  )
corporation, GRAND TETON LODGE COMPANY, a  )
Wyoming corporation, TETON HOSPITALITY SERVICES,  )
INC., (successor in interest to Teton Hospitality, LLC) a  )
Wyoming corporation, JHL&S, LLC, a Wyoming corporation,  )
MECH CO INCORPORATED, a Wyoming corporation and  )
UNION POINTE CONSTRUCTION CORPORATION, a Utah  )
corporation d/b/a UNION POINTE GENERAL  )
CONTRACTORS,                                  )
                            Defendants.   )
         and                                  )
JHL&S, LLC, a Wyoming limited liability company,   )
                                              )
```

-2-



Cross-Claim Plaintiff, )

vs.  )

MECH CO Incorporated, a Wyoming corporation and Union )
Pointe Construction Corporation, a Utah corporation, )

 )

Cross-Claim Defendants, )

 and )

 )

JHL&S, LLC, a Wyoming limited liability company, )

 )

Third-Party Plaintiff, )

vs.  )

Nelson Engineering, a Wyoming corporation; Laars, Inc. d/b/a )
Laars Heating Systems and Teledyne Laars, a Delaware )
corporation; Modern Lighting & Electric, Inc., a Wyoming )
corporation; Blueline Supply, Inc., a Wyoming corporation, and )
Mike's Heating and Sheet Metal, a Wyoming corporation. )

 )

Third-Party Defendants. )

## JOINT MEMORANDUM OF DEFENDANTS (EXCEPT UNION POINTE GENERAL CONTRACTORS) AND ALL THIRD PARTY DEFENDANTS IN SUPPORT OF THEIR MOTION FOR PROTECTIVE ORDER

  **COME NOW** all of the defendants (except Union Pointe General Contractors) and all five third party defendants, through their respective counsel, and hereby respectfully submit their joint memorandum of law in support of their motion for a protective order barring any discovery by plaintiff of the February, 2003 confidential agreement entered into by, between and among all of the defendants (except Union Pointe General Contractors) and all of the third party defendants.

**A.**  **The Pleadings in this Case.**

  Defendant JHL&S, LLC d/b/a Snake River Lodge & Spa ("Snake River Lodge") owns and operates the facility in Teton Village, Wyoming where Dr. Randall Williams died, and his

wife, Joette Williams, was injured on August 2, 2001.

Individually and on behalf of her deceased husband's estate, plaintiff Joette Williams filed two lawsuits against Snake River Lodge, Union Pointe General Contractors and Mech Co. Incorporated ("Mech Co").

Snake River Lodge filed cross claims against Mech Co and Union Pointe, and a third party complaint against the five third party defendants, seeking equitable indemnity from each of those seven parties to the extent that Snake River Lodge may be found liable to plaintiff for any of the negligence attributable to each of those seven parties.

All cross-claimed defendants and third party defendants either answered or otherwise moved to dismiss Snake River Lodge's equitable indemnity claims.

All parties have conducted Rule 26(e) self-executing discovery, and plaintiff has taken multiple fact witness depositions.

### B.    The Confidential Agreement.

On or about February 21, 2003, all defendants (except Union Pointe) and all five third party defendants entered into a confidential agreement. Consideration was exchanged by, between and among the contracting parties. These parties compromised, and settled, all of their claims and defenses against one another relating to this *Williams* litigation.

The confidential agreement was negotiated and entered into pursuant to Rule 408 of the Federal Rules of Evidence. All of the contracting parties expressly agreed that the terms, conditions and provisions of the agreement were and are to remain confidential.

Nothing in this confidential agreement, in any way, affects the plaintiff's presently pending claims, nor does anything in the agreement affect plaintiff's ability to sue any person or

company she believes is legally liable for the August 2, 2001 accident and/or plaintiff's resulting alleged injury and damages.

Pursuant to the confidential agreement, stipulations for the dismissal with prejudice, along with proposed orders, of all equitable indemnity claims against the five third party defendants and against co-defendant Mech Co were recently filed with the Court. Plaintiff's counsel has recently advised the Court that Plaintiff has no objection to the Court entering the requested Orders of Dismissal with Prejudice.

Presuming the Court enters the dismissal Orders, all of the indemnity claims will be dismissed, there will be no third party defendants, and the plaintiff can still pursue all of her claims against all the defendants on the merits. At the time this confidential agreement was entered into, plaintiff had not, and still has not, filed any claim or complaint against any of the third-party defendants. All parties have conducted Rule 26(e) self-executing discovery, and plaintiff has taken multiple fact witnesses depositions, pursuant to these pleadings and with knowledge of Snake River Lodge's indemnity claims.

Plaintiff presently seeks production of the confidential agreement and/or access to the information contained therein. Defendants (except Union Pointe) and all third party defendants respectfully seek a protective order preventing disclosure.

C.      **Motions for Protective Orders.**

Under Rule 26 F.R.C.P. and under the facts as articulated above, there is the interplay of two distinct burdens of proof. The first burden is on the Plaintiff to come forward under Rule 26(b)(1) and show that the confidential agreement is not "privileged, and that [it] is relevant to the claim or defense of any party." Under Rule 26 F.R.C.P., "relevant information" need not be

admissible at the trial if the discovery appears to be reasonably calculated to lead to the discovery of admissible evidence.[1] This initial burden is onerous, as it should be.

Numerous cases have not allowed the discovery of confidential settlement agreements because they are not relevant. *See e.g., AT&T Fiber Optic Cable Installation Litigation,* No. IP99-C-9313H/K, 2002 WL 136457 (S.D. Ind)(holding AT&T did not have to disclose the terms of confidential settlement agreement between AT&T and some of its liability insurers); *ABR Capital Management v. Askin Capital,* No. 96 Civ. 2978(RWS), 2000 WL 1916698 (S.D.N.Y)(holding defendant could not meet burden for compelling disclosure of confidential settlement agreement); *Jackson v. Genesse County Road Commission,* No. 206941, 2001 WL 1398502 (Mich. App. 2001)(denied motion to compel because plaintiffs' relevance assertions were pure speculation); *Doe v. Methacton School District,* 164 F.R.D. 175, 176 (E.D. Penn. 1995)(discovery of confidential settlement agreement denied because of failure to show relevance); and *Palo Duro Pipeline Company, Inc. v. Cohran,* 785 S.W.2d 455 (Tx. Ct. App. 14th Dist.)(cash amounts of the various confidential settlement agreements not relevant and thus not discoverable).

In order to shift the burden to Defendants (except Union Pointe) and the third party defendants, plaintiff must make the requisite initial relevance showing. If plaintiff manages, against the weight of the above-cited authority, to make the initial relevance showing pertaining to the confidential agreement at issue, then the burden shifts to Defendants (except Union Pointe)

---

[1]    Some courts have required a "heightened" showing of relevance or need. For example, discovery of a confidential settlement agreement in the Second and Seventh Circuits, is permitted only if the movant lays a foundation by adducing from other sources that the settlement may be collusive. *Thronton v. Syracuse Savings Bank,* 961 F.2d 1042, 1046 (2nd Cir. 1992) and *Mars Steel Corp. v. Continental Illinois Nat'l Bank & Trust Co.,* 834 F.2d 677, 684 (7th Cir. 1987). No such showing or allegation has been made in this case.

and third party defendants to show that the information sought should be protected pursuant

F.R.C.P. 26(c). Rule 26(c) provides:

> Upon motion by party or by a party from whom discovery is
> sought. . . and for good cause shown, the court in which the action
> is pending. . .may make any order which justice requires to protect
> a party or person form annoyance, embarrassment, oppression, or
> undue burden or expense, including one or more of the following:
>
> (1)    that the disclosure or discovery not be had;
>
>              . . .
>
> (2)    that certain discovery not be inquired into, or that the
>          scope of the disclosure or discovery be limited to
>          certain matters.

"Good cause" exists where it is shown that specific prejudice or harm will result if no

protective order is granted. *Phillips v. General Motors Corp.*, 307 F.3d 1206 (9th Cir. 2002).

Numerous cases have held that "good cause" exists for prohibiting disclosure of

confidential settlement agreements, primarily because of the chilling effect it will have on

settlement. *See e.g. Hasbrouck v. America Housing Services Inc.*, 190 F.R.D. 42 (N.D. New

York 1999)(finding good cause existed for granting protective order of prior confidential

settlement agreement); *Buta-Brinkmanv. FCA International, LTD*, 164 F.R.D. 475, 477 (N.D. Ill.

1995)(granted protective order maintaining confidentiality of settlement agreement in sexual

harassment cases); *Kalinauskas v. Wong*, 151 F.R.D. 363, 365 (D. Nev. 1993)(to allow full

discovery including the confidential settlement agreement would discourage similar settlements);

and *McNeilus v. Corporate Report, Inc.*, No. CO-91-120, 1993 WL 542394 (Minn. Dist. Ct.

1993)(public policy encourages settlement of disputes; disclosure of confidential settlement

agreements would circumvent that policy). A trial court has broad discretion to decide when a

protective order is appropriate. *Seattle Times Co. v. Rhinehart*, 467 U.S. 20 (1984).

**D. Wyoming Public Policy Favors Settlement of Claims.**

The Wyoming legislature and judiciary have long, and forcefully, articulated that public policy favors the settlement of disputes. *See e.g.* Wyo. Stat. § 1-1-108 (Lexis 2002) and *Haderlie v. Sondgeroth*, 866 P.2d 703 (Wyo. 1993). According to the Wyoming Supreme Court, "a strong public policy has always existed in Wyoming favoring settlement of litigation." *Haderlie*, 860 P.2d at 711, *citing Coulter Inc.* v. *Allen*, 624 P.2d 1199, 1202-1203 (Wyo. 1981) and *Hursh Agency Inc. v. Wigwam Homes, Inc.*, 664 P.2d 27 (Wyo. 1983); *also see Arychuk v. Star Valley Ass'n*, 997 P.2d 472 (Wyo. 2000)(Wyoming public policy encourages settlement of lawsuits).

In *Haderlie, supra*, the Wyoming Supreme Court articulated why, under Rule 408 W.R.E., settlement agreements are rarely relevant and why "new trials are often granted where evidence of settlement was admitted." 866 P.2d at 713.

> Appellants contend that the [settlement] agreements should have been admitted for the jury to correctly apportion fault among the settling and nonsettling defendants. The admission would have been highly prejudicial. The settlement agreements are not evidence of negligence or fault, yet the jury could have interpreted the settlement agreements as an admission of fault of a party not at fault at all. Further, were we to approve the admission of these settlement agreements, there would be a very real risk that parties would be deterred form settling future cases because of a fear that their agreement would be received in evidence and become public knowledge, thereby compromising goals in settling, i.e., not admitting liability in exchange for peace and plaintiff not having liability established detrimental to the continuing case against nonsettling defendants. Thus attempts at settlement would be chilled. Appellants fail to articulate an acceptable reason for admitting the settlement agreements other than proving liability which is impermissible under W.R.E. 408.

*Haderlie*, 866 P.2d at 713.

Consequently, allowing any disclosure of the confidential agreement and/or its terms and provisions in the present matter -- thus rendering information public that the parties negotiated with the understanding that such information would remain confidential -- subverts Wyoming's strong public policy.

**E.      Wyoming Law is Contrary to Plaintiff's Argument.**

In her March 3, 2003 *Response* to defendants' oral motion for protective order, plaintiff argues that:

> . . . the confidential agreement between certain defendants may be relevant to better understand how Wyoming's Comparative Fault statute may apply with regards to [Snake River Lodge's] non-delegable duty.

*See* Plaintiff's *Response* at p. 7. Wyoming law is contrary to plaintiff's argument.

*Wardell v. MacMillan*, 844 P.2d 1052 (Wyo. 1992) was a medical malpractice comparative fault case with three defendants: two doctors and one hospital. Prior to trial, plaintiff settled her claims with the hospital. 844 P.2d at 1056. The hospital was dismissed as a defendant. *Id.* Plaintiff's case against both doctors went to jury trial. *Id.*

At the trial, the district court admitted evidence of the plaintiff's settlement agreement with the hospital. 844 P.2d at 1065. On appeal, the Wyoming Supreme Court reversed the trial court's admission of this settlement evidence. *Id.* Citing the Wyoming Comparative Fault Act and its requirement that the jury be informed that "each defendant is liable only for that portion of the total damage ward which corresponds to his percentage of fault," the Wyoming Supreme Court reasoned that "[t]he admission of settlement evidence is not necessary to this

understanding." According to the Court,

> We do not believe that the disclosure of settlements is required
> under Wyoming's Comparative negligence law. . .We hold that the
> trial court erred in ruling that disclosure of settlements is required
> by Wyoming's Comparative negligence law.

*Wardell*, 844 P.2d at 1065.

Having ruled that Wyoming tort law does not allow for the admission of parties

settlement agreements into evidence (because it is irrelevant), the Court went on to say that:

> Whether or not settlement evidence is to be admitted in a particular
> case must be determined under the Wyoming Rules of Evidence.

*Id.*

Rule 408 of the Federal Rules of Evidence is where we will turn in the following

argument. As for plaintiff's argument that "the confidential settlement agreement may be

relevant to better understand how Wyoming's Comparative Fault statute may apply with regard

to Snake River Lodge's non-delegable duty of care," we make two observations: first, as set

forth above, Wyoming law rejects that argument, and second, plaintiff does not even attempt to

explain how discovery or admission of the contracting parties' confidential agreement may

impact the jury's allocation of causative fault.

The answer to the question of whether the Court should allow discovery of this

agreement is simple: the Court should not. The parties' confidential agreement will not affect or

impact the jury's allocation of causative fault among all of the actors, nor will it affect the

substantive law of Wyoming that arguably holds Snake River Lodge vicariously liable for the

negligence of defendant Mech Co and the third party defendants. The parties' confidential

agreement is irrelevant to the jury's disposition of any of plaintiff's claims against Snake River

Lodge, Mech Co and/or Union Pointe.

Disclosure of the confidential information would only serve to annoy, embarrass, and oppress the parties to the agreement, as the terms and conditions of the agreement are not relevant to the case at bar. The settled claims belong solely to Snake River Lodge, not plaintiffs, and the fact that Snake River Lodge has chosen of its own accord to resolve its claims has no bearing on the outcome of plaintiff's pending or potential claims against Snake River Lodge or any of the other parties to the Agreement. Moreover, the information plaintiff seeks is not reasonably calculated to lead to discovery of admissible evidence. *See, Haderlie, supra.*

### F.    Rule 408 Precludes Admission, and Discovery, of the Confidential Agreement.

In her March 3, 2003 *Response* to defendants' oral motion for protective order, plaintiff currently anticipates that defendants and third party defendants will invoke Rule 408 to assert that their confidential agreement, and all of its terms, are not discoverable or admissible. Rule 408 provides:

> Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount is not admissible to prove liability for or invalidity of the claim or its amount. Evidence of conduct or statements made in compromise negotiations is likewise not admissible. This rule does not require the exclusion of any evidence otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal prosecution or investigation.

The "foundation" of Rule 408 is the policy of encouraging the out-of-court settlement of

disputes. Christopher B. Mueller and Laird C. Kirkpatrick, *Federal Evidence* § 134 p. 80 (1994 & Supp. 2002).

> So important is the policy, and so highly regarded the exclusionary rule, that in practice settlement evidence is more often than not excluded altogether. There are to be sure, purposes for which the proof is competent but these are relatively narrow.

*Id.*

Plaintiff seeks to invoke one of the narrow exceptions to this exclusionary rule -- "proving bias or prejudice of a witness" -- in asking this Court to compel disclosure of the confidential agreement.

The weakness with plaintiff's argument is that she cannot point to a single instance where any defendant or third party defendant shaded or altered his/her testimony because of the confidential agreement. Plaintiff cannot even credibly claim a good faith belief that such occurred. Under the "heightened" burden to compel disclosure of such a settlement agreement, the plaintiff must *do more* than merely speculate that ". . .the confidential settlement agreement may reveal possible bias or prejudice of certain witnesses." Plaintiff's *Response* at p. 6.

Speculation cannot be a reason to disclose a confidential settlement agreement. The public policy of encouraging settlement is too important. *See e.g., Jackson v. Genessee County Road Commission*, No. 206941, 2001 WL 1398503 (Mich. App.), In *Jackson*, plaintiff sought production of settlement agreements entered into by defendants in previous discrimination cases. *Id.* at 4. The trial court entered an order allowing disclosure for only those agreements that did not have confidentiality provisions. *Id.* at 4. The appellate court affirmed the decision reasoning that plaintiff "failed to establish that the confidential documents were relevant to the case at bar.

*Plaintiff's assertions as to what the settlement agreements would contain were pure speculation." Id.* (emphasis added).

In the present matter, plaintiff has not alleged or proven that any witnesss has tainted or changed his/her testimony because of anything in the confidential agreement. Without any such allegation or proof, this Court should not allow discovery of these parties' confidential agreement. *See Doe v. Methactan School District*, 164 F.R.D. 175 (E.D. Pa. 1985). In *Methactan*, the trial court specifically said:

> We find that Methacton has not shown the relevance of the Release. It simply makes a broad assertion that the Release could lead to admissible evidence that is clearly relevant to the issue of damages and is imperative for its trial preparation. These assertions, however, without any detail or analysis whatsoever, are insufficient to prove the relevance of the Release.

*Id.*

Defendants (excluding Union Pointe) and third party defendants perceive that the real reason plaintiff seeks discovery of the confidential agreement is to ascertain where she can obtain the most leverage, and then sue additional (new) defendants based upon that perceived leverage, instead of upon the facts and merits of the claims against any third party defendants. Plaintiff attempts to veil her attempt to garner such leverage by couching it under the term, "litigation strategy." *See,* Plaintiffs' *Response*, p. 8. This is not an appropriate reason to discover the confidential agreement. This was a reason articulated in *Palo Duro Pipeline Company, Inc. v. Cochran*, 78 W.W.2d 455, 457 (Tx. Ct. App. 14th Dist. 1990) and was specifically rejected by that court. In *Palo Duro Pipeline Company*, the Court said that:

> Admittedly, the cash amounts might be of interest to the parties here as a comparative bargaining tool for their settlement purpose,

> but such an interest does not, in our opinion, satisfy the relevancy
> test for discovery.

*Id.* Like in *Palo Duro Pipeline* Company, this Court should not allow disclosure of the confidential agreement.

By the Court's March 31, 2003 deadline to file her for leave to amend, plaintiff, according to the current deposition schedule, will have deposed all of the fact witnesses for the parties seeking dismissal pursuant to the agreement. There is nothing that prevents plaintiff from moving to assert her own direct claims against the parties to the agreement presently seeking dismissal. Plaintiff should be required to file her amended complaint against these parties and/or any new defendants by March 31, 2003 based not upon the financial leverage she can generate after reading the confidential agreement, but rather upon the facts and merits of any potential claims against each of the third party defendants as revealed in the twenty fact witness depositions plaintiff has already taken and the fact depositions scheduled to occur within the next couple of weeks.

In addition, plaintiff takes the position that the confidential agreement is not privileged or, if it is privileged, such privilege has been waived. This confidential agreement is in every respect a document privileged under the doctrine of joint defense privilege or common interest privilege. *Ocean Atlantic Development v. Willow Tree Farm*, No. 01C5014, 2002 WL 649043 (N.D. Ill. 2002). The joint defense or common interest privilege recognizes the advantages of, and even necessity for, an exchange or pooling of information among attorneys representing parties sharing a common legal interest in litigation. *Boyd v. Comdata Network, Inc.*, 88 S.W.3d 203, 213 (Tenn. Ct. App. 2002). The elements of the privilege are:

(1) that the otherwise privileged information was disclosed due to actual or anticipated litigation.

(2) that the disclosure was made for the purpose of furthering a common interest in the actual or anticipated litigation.

(3) that the disclosure was made in a manner not inconsistent with maintaining its confidentiality against adverse parties, and

(4) that the person disclosing the information has not otherwise waived the attorney-client privilege for the disclosed information.

*Id.* at 215. Each and every element is met here in relation to this confidential agreement.

As to the first element, the information contained in the agreement itself was disclosed due solely to this litigation. As to the second element, the agreement was done to further the purpose of all defendants (except Union Pointe General Contractors) and all third-party defendants. As to the third element, the agreement was negotiated to be confidential, provided a provision for confidentiality, and it was expected by all to remain confidential. Finally, as to the fourth element, none of the parties to the agreement have waived the privilege -- in fact, the parties are strenuously asserting the privilege. Clearly, the confidential agreement merits this Court's protection.

## CONCLUSION

The Court should protect against discovery of the confidential agreement, as plaintiff cannot make a sufficient initial showing of relevance on the matter that would warrant subversion of Wyoming's strong public policy. In addition, plaintiff's vague speculation does not merit invocation of any of the narrow exceptions to Rule 408. Moreover, there is no link between the agreement and the merits of this case. The agreement has no bearing on any of

plaintiff's present and/or future claims against defendants, third party defendants or any other party she may seek to add.  Finally, the agreement is privileged under the doctrine of joint defense privilege or common interest privilege.

For all of the above reasons, disclosure of the agreement will only serve to annoy, embarrass, and oppress the parties to the agreement and, accordingly, all defendants (except Union Pointe General Contractors) and all third-party defendants respectfully submit that good cause exists for the Court to enter the requested protective order.

**DATED** this 10th day of March, 2003.

VAIL RESORTS DEVELOPMENT COMPANY, a Colorado corporation, GRAND TETON LODGE COMPANY, a Wyoming corporation, TETON HOSPITALITY SERVICES, INC., a Wyoming corporation and successor in interest to TETON HOSPITALITY, LLC, and JHL&S, LLC, a Wyoming limited liability Company.

Defendants

By:_____

Peter W. Rietz
Christopher Yvars
Carrie Roelle
THE RIETZ LAW FIRM
114 Village Place, Ste. 301
P.O. Box 5268
Dillon, CO 80435

and

MECH CO. INCORPORATED, a Wyoming corporation.

Defendant

By: _____

      John A. Sundahl
      SUNDAHL, POWERS KAPP & MARTIN, LLC
      P.O. Box 328
      Cheyenne, WY 82003

          and

NELSON ENGINEERING, a Wyoming Corporation

Third-Party Defendant.

By: _____

      Glen Laird
      Monty L. Barnett
      Brett Huff
      WHITE AND STEELE, P.C.
      950 17th Street, #2100
      Denver, CO 80202-2804

LAARS, INC., d/b/a Laars Heating Systems and Teledyne
LAARS, a Delaware corporation

Third-Party Defendant

By: _____

      Sheila Kerwin
      HALLELAND, LEWIS, NILAN, SIPKINS & JOHNSON, PA
      Pillsbury Center South,
      Ste. 600
      220 S. 6th Street
      Minneapolis, MN 55402-4501

          and

MECH CO. INCORPORATED, a Wyoming corporation.

Defendant

By:_____

    John A. Sundahl
    SUNDAHL, POWERS KAPP & MARTIN, LLC
    P.O. Box 328
    Cheyenne, WY 82003

       and

NELSON ENGINEERING, a Wyoming Corporation

Third-Party Defendant.

By: _____

    Glen Laird
    Monty L. Barnett
    Brett Huff
    WHITE AND STEELE, P.C.
    950 17th Street, #2100
    Denver, CO 80202-2804

LAARS, INC., d/b/a Laars Heating Systems and Teledyne
LAARS, a Delaware corporation

Third-Party Defendant

By: _____

    Sheila Kerwin
    HALLELAND, LEWIS, NILAN, SIPKINS & JOHNSON, PA
    Pillsbury Center South,
    Ste. 600
    220 S. 6th Street
    Minneapolis, MN 55402-4501

       and

MODERN LIGHTING & ELECTRIC, INC., a Wyoming corporation

Third-Party Defendant

By: _____

    Criag Silva
    WILLIAMS, PORTER, DAY
    & NEVILLE, P.C.
    159 North Wolcott, Suite 400
    P. O. Box 10700
    Casper, Wyoming 82602

        and

BLUELINE SUPPLY, INC., a Wyoming Corporation

Third-Party Defendant

By: _____

    L. Kathleen Chaney
    Martha C. Ferris
    LAMBDIN & CHANEY, LLP
    4949 S. Syracuse Street, Ste. 600
    Denver, CO 80237David B. Hooper

        and

    MIKE'S HEATING AND SHEET METAL, a Wyoming
                       corporation

Third-Party Defendant

By: _____

    Tom A. Glassberg
    David B. Hooper
    HOOPER LAW OFFICE, P.C.
    115 N. 7th East
    P.O. Box 753
    Riverton, WY 82501-0753

MODERN LIGHTING & ELECTRIC, INC., a Wyoming corporation

Third-Party Defendant

By: _____

    Criag Silva
    WILLIAMS, PORTER, DAY
    & NEVILLE, P.C.
    159 North Wolcott, Suite 400
    P. O. Box 10700
    Casper, Wyoming  82602

        and

BLUELINE SUPPLY, INC., a Wyoming Corporation

Third-Party Defendant

By: _____

    L. Kathleen Chaney
    Martha C. Ferris
    LAMBDIN & CHANEY, LLP
    4949 S. Syracuse Street, Ste. 600
    Denver, CO 80237David B. Hooper

        and

    MIKE'S HEATING AND SHEET METAL, a Wyoming
                      corporation

Third-Party Defendant

By: _____

    Tom A. Glassberg
    David B. Hooper
    HOOPER LAW OFFICE, P.C.
    115 N. 7th East
    P.O. Box 753
    Riverton, WY 82501-0753

MODERN LIGHTING & ELECTRIC, INC., a Wyoming corporation

Third-Party Defendant

By: _____
        Craig Silva
        WILLIAMS, PORTER, DAY
        & NEVILLE, P.C.
        159 North Wolcott, Suite 400
        P. O. Box 10700
        Casper, Wyoming 82602

        and

BLUELINE SUPPLY, INC., a Wyoming Corporation

Third-Party Defendant

By: _____
        L. Kathleen Chaney
        Martha C. Ferris
        LAMBDIN & CHANEY, LLP
        4949 S. Syracuse Street, Ste. 600
        Denver, CO 80237David B. Hooper

        and

        MIKE'S HEATING AND SHEET METAL, a Wyoming
        corporation

Third-Party Defendant

By: _____
        Tom A. Glassberg
        David B. Hooper
        HOOPER LAW OFFICE, P.C.
        115 N. 7th East
        P.O. Box 753
        Riverton, WY 82501-0753

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served this 10th day of March, 2003, addressed to:

| | |
|---|---|
| Robert Schuster<br>Attorney at Law<br>230 Veronica Lane, Suite 204<br>P.O. Box 13160<br>Jackson, WY 83021<br>Attorneys for <u>Plaintiff</u> | [ x ]  U. S. Mail (prepaid)<br>[   ]  Fax  307/732-7801<br>[   ]  Overnight Delivery<br>[   ]  Hand Delivery |
| William L. Simpson<br>Larry B. Jones<br>Burg, Simpson, Eldridge, Hersh, & Jardine, P.C.<br>1135 14th St.<br>P.O. Box 490<br>Cody, WY  82414-0490<br>**Attorneys for <u>Defendant</u> Union Pointe Construction Corp.** | [ x ]  U. S. Mail (prepaid)<br>[   ]  Fax  307/527-7897<br>[   ]  Overnight Delivery<br>[   ]  Hand Delivery |
| J. Nick Murdock<br>Balzer Carman Murdock, P.C.<br>139 W. 2nd Street, Ste. 1B<br>Casper, WY 82601 | [ x ]  U. S. Mail (prepaid)<br>[   ]  Fax  307/527-7897<br>[   ]  Overnight Delivery<br>[   ]  Hand Delivery |

John A. Sundahl